IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ASHRAF ROFAIL, et al., )<br>)<br>Defendants. ) | 1:09cv252 (LMB/JFA) |

[FILED AUG 4 2009 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA]

<u>ORDER</u>

On July 1, 2009, a magistrate judge issued a Report and Recommendation ("Report") in which he recommended that a default judgment be entered in favor of plaintiff Allied Property and Casualty Insurance Company ("Allied Property") against defendants Ashraf Rofail, Amy Rofail, and Adly Atef Makary, and that a declaratory judgment be entered, finding that: 1) Allied Insurance Company Personal Auto Policy number PPC0018988048-1 is the only policy issued by Allied Property that could afford coverage for the claims arising from the October 9, 2008 incident, 2) that the 1995 Ford Thunderbird was not a covered auto within the meaning of the policy at the time of the October 9, 2008 incident, 3) that the policy does not afford coverage for any claims arising from the incident, 4) that the policy does not provide indemnification, an obligation to defend, or other coverage to the defendants for any claims arising from the October 9, 2008 incident, and 5) that Allied owes no obligation to indemnify or pay any judgments that may be awarded in favor of the pedestrian involved in the October 9, 2008 incident.

The parties were advised that any exceptions to the Report had to be filed within ten days of receipt of the Report and that failure to file a timely exception waived appellate review of any judgment based on the Report. As of August 3, 2009, no exceptions have been filed.

A review of the case file establishes that the Report's findings on the default status of the defendants and the interpretation of the insurance policy at issue are factually and legally supported by the record. Accordingly, we adopt the findings and conclusions of the Report. Specifically, the magistrate judge correctly found that this Court has subject matter jurisdiction over this civil action because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, see 28 U.S.C. § 1332(a); that this Court has personal jurisdiction over defendants Ashraf and Amy Rofail because they are residents of this district and that exercising personal jurisdiction over defendant Makary is appropriate under Virginia's long-arm statute, Va. Code § 8.01-328.1, and is consistent with the dictates of due process based on his contacts with Virginia; and that venue is proper because a substantial part of the events giving rise to the claim occurred in this district, see 28 U.S.C. § 1391(a).

Plaintiff effected service on defendant Ashraf Rofail on March 12, 2009 by personally serving him, and on defendant Amy Rofail on March 12, 2009 by leaving a copy of the summons and

complaint at her residence with a person of suitable age. Plaintiff effected service on defendant Makary by serving the Secretary of the Commonwealth. The Secretary of the Commonwealth filed a certificate of compliance on April 2, 2009 certifying that the papers were forwarded to defendant Makary by certified mail on April 1, 2009. As of August 3, 2009, defendants Amy Rofail and Makary have not filed responsive pleadings or appeared to contest this matter. At the June 10, 2009 hearing on the plaintiff's Motion for Default Judgment, defendant Ashraf Rofail did appear in court. By an Order dated June 10, 2009, the magistrate judge granted him until June 19, 2009 to file a motion to lift the default and to show cause as to why he should be granted an enlargement of time to file a responsive pleading. However, as of August 3, 2009, defendant Ashraf Rofail has not filed any responsive pleadings with the court.

The magistrate judge also correctly found that the automobile insurance policy plaintiff issued to defendants Ashraf and Amy Rofail, Allied Insurance Company Personal Auto Policy number PPC0018988048-01, did not cover the October 9, 2008 incident. According to the facts alleged in the Complaint, which must be taken as true, defendant Makary was driving a 1995 Ford Thunderbird with a vehicle identification number 1FALP62W3SH216139 on October 9, 2008 when he struck a pedestrian named Duane Judson Kirksey at 7:17 a.m. At that time, the Ford Thunderbird was not listed on the insurance policy issued to Ashraf and Amy Rofail. However, several hours after the accident

3

on October 9, 2008, defendant Ashraf Rofail contacted his insurance agent and asked that the Ford Thunderbird be added as an insured vehicle to his policy. During the conversation with the agent, defendant Rofail failed to mention that the Ford Thunderbird had been involved in an accident that morning and falsely represented that he had purchased the Thunderbird in early October of 2008. In fact, records show that defendant Ashraf Rofail purchased the Thunderbird on or about March 8, 2008, over seven months before the October 9, 2008 incident involving defendant Makary. The defendants have demanded coverage under the Allied Property policy. Allied Property seeks a declaration that it is not obligated to defend or indemnify the defendants for any claims arising out of the October 9, 2008 incident.

Based on the allegations in the complaint, which are deemed admitted by defendants in default, the magistrate judge correctly found that plaintiff Allied Property is not required to defend or indemnify the defendants for any claims arising out of the October 9, 2008 incident because the policy issued to Ashraf and Amy Rofail does not list the 1995 Ford Thunderbird as an insured vehicle. Moreover, when Ashraf Rofail called the insurance agent to add the Thunderbird as an insured vehicle, he knew that it had been involved in an accident with a pedestrian that morning, but did not inform the agent of that fact. Ashraf Rofail also falsely told the agent that he had purchased the Thunderbird in early October, although he had actually purchased it in March of 2008.

4

For all the above-stated reasons, the Report and Recommendation is adopted in its totality as this Court's finding and conclusions, and on this basis, the plaintiff's Motion for Entry of Judgment is GRANTED, and it is hereby

ORDERED that judgment be and is entered in favor of the plaintiff, and it is further

ORDERED and DECREED that:

1. Allied Insurance Company Personal Auto Policy number PPC0018988048-1 (hereinafter referred to as the Allied Policy) is the one and only policy of insurance written by Allied that could afford coverage for the claims, judgments and causes of action arising, either directly or indirectly, out of the October 9, 2008 accident described in paragraph eight of the Complaint filed herein (hereinafter referred to as the accident); and

2. The Ford Thunderbird automobile operated by the Defendant Adly Atef Makary at the time of the accident was not a covered auto within the meaning of the Allied Policy at the time of the accident; and

3. The Allied Policy did not afford coverage for the accident because of fraudulent statements made by the Defendant Ashraf Rofail; and

4. The Defendant's attempt to add the Ford Thunderbird as a covered auto after the accident constituted a material misrepresentation; and

5. The accident was not a fortuitous event as to the Allied Policy, and therefore, could not be covered as a risk under the Allied Policy; and

5

6. The Allied Policy does not afford coverage for any claims, judgments or causes of action arising, either directly or indirectly out of the accident, including, but not limited to any claims and causes of action asserted by, on behalf of, or in the name of Duane Judson Kirksey; and

7. The Allied Policy does not provide indemnification, an obligation to defend, or any other coverage to the Defendants, or any of them, for claims, judgments and causes of action arising, either directly or indirectly, out of the accident; and

8. The Plaintiff owes no obligation to indemnify or pay any judgments, claims or causes of action which might be awarded against the Defendants, or any of them, in favor of the said Duane Judson Kirksey, arising, either directly or indirectly, out of the accident.

The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 55 in plaintiff's favor and forward copies of this Order to counsel of record for the plaintiff and to the defendants at the addresses listed in the file.

Entered this 4th day of August, 2009.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

6